**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE

January 13, 2014

Sean Greenwood
Gauthier Houghtaling and Williams
52 Duane Street
7th Floor
New York, NY 10007

Re: E.D.N.Y. Hurricane Sandy Cases

Dear Mr. Greenwood:

As was discussed at the initial conference held in the case of Down v. Liberty Mutual Insurance Co., No. 13 CV 5957 (CBA) (CLP), the Court is considering the most expeditious and efficient way to handle the numerous cases seeking insurance coverage for claims based on flood or wind damage caused by Hurricane Sandy. Given the impact that this storm has had on the community, the Court has resolved to move these cases with all due speed.

As was discussed at the conference in Down, a number of the cases do not appear to have been properly filed, in that multiple unrelated plaintiffs have been joined in one action simply because they hold a particular type of policy with the same insurance company. A separate problem, created by the way in which some of the cases are currently filed, is that an individual plaintiff may have two or more separate actions for damage to the same property that are assigned to different sets of judges simply because the plaintiff held flood damage insurance issued by one insurer and wind damage insurance issued by another insurer. Further complicating matters is that some of these cases involving the same property are currently assigned to a judge in Brooklyn and a different judge in Central Islip.

As you know, several judges have already severed and dismissed hundreds of individual claims based upon improper joinder without prejudice to refiling. See, e.g., Funk v. Allstate, No. 13 CV 5933 (JS), Memorandum & Order dated 12/13/13; Dante v. National Flood Insurance Program, No. 13 CV 6297 (ARR), Opinion & Order dated 11/21/13. In filing new cases, you should avoid similar "mass joinder" cases and be mindful of the Court's Local Rules 1.6 and 50.3.1(d), which set forth the mandatory procedure for requesting that cases be related "when, because of the similarity of facts and legal issues . . . a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."

The Chief Judge has asked that a subcommittee of Magistrate Judges evaluate and make a recommendation regarding how to best handle all Hurricane Sandy cases, and to determine if there is a way not only to properly relate those cases involving the same piece of property and same plaintiff to the same judge, but to also determine whether there are any logical groupings of

cases for discovery and settlement purposes. To expedite our review of the cases, we are asking that you provide the undersigned with a schedule of all the cases currently filed in either Brooklyn or Central Islip, or the cases which you intend to file, listing each claim by plaintiff, by property address, by docket number and judges' initials, and by type of policy – wind damage, flood damage, or both – in accordance with the form attached hereto. We have also provided an electronic version of the form, in Excel format. We request that you provide us with a paper and electronic copy of the completed form. The completed form will assist us in determining how many cases currently contain misjoined plaintiffs; how many cases need to be reassigned as related based on the same property/plaintiff; and whether there are logical ways in which to combine categories of cases to expedite discovery and resolution. If you feel there is other information that will help us evaluate the cases, but that is not on the form, please provide it in additional columns.

In addition to completing the form, which should be submitted on or before **January 17, 2014**, you should prepare a letter, in accordance with Rule 50.3.1(d), explaining how you propose to group the cases listed in the form. Among other things, you should consider the similarity of facts and legal issues that might result in a substantial saving of judicial resources if the cases are assigned to the same judge and magistrate judge. If there are cases that present the same legal question involving a specific coverage exclusion, for example, please indicate which cases implicate that exclusion. In addition, if you are aware of any groups of cases that might be amenable to early mediation, or if there are cases where mediation has already been attempted without success, it would be helpful to provide us with a list of those cases as well.

Finally, in your letter to the court in the Down case, dated December 20, 2013, you included several case management orders that have been used in other cases and suggested that the parties may be willing to consider a single schedule, at least for certain groups of cases, that would hopefully result in the least disruption and cost to counsel and the court. It is anticipated that once we receive your listing of all of the cases, your proposal for groupings, and defendants' responses to your proposal, the subcommittee of Magistrate Judges will schedule a conference with you and all of the defense counsel in an effort to agree upon a method for best dealing with these cases. In addition to discussing potential groupings of cases, we will also discuss the possibility of setting an overall schedule for discovery, motions, settlement discussions, etc. It would be helpful if you conferred with defendants' counsel prior to that conference and be prepared to suggest case management orders that take into account the various issues that may arise as these cases proceed.

Accordingly, we ask that you submit your listing of all cases by **January 17, 2014**. By **January 24, 2014**, please submit your letter, pursuant to Rule 50.3.1, regarding the appropriate means for relating these cases. Please provide each defendants' counsel with a copy of this letter. Defendants will be given until **January 31, 2014** to submit any response to your proposal.

In addition, rather than have lawyers apply for *pro hac vice* admission in each case, the Chief Judge has decided that an attorney may submit one omnibus *pro hac vice* application for

review as to all Hurricane Sandy cases. Once an attorney is admitted in one case, there will be no need for that attorney to file further *pro hac vice* motions in other Hurricane Sandy cases.

Finally, to expedite the administration of these cases, the Court has opened a Miscellaneous Civil Case bearing docket number 14 MC 41. As explained in the Practice and Procedure Order, a copy of which is attached hereto, any papers, such as your response to this letter, which apply to all Hurricane Sandy cases, shall be filed under docket number 14 MC 41. All documents filed under this number will be automatically filed electronically in each individual case.

Sincerely yours,

/S/ CHERYL L. POLLAK
Cheryl L. Pollak
United States Magistrate Judge


/S/ GARY BROWN
Gary Brown
United States Magistrate Judge


/S/ RAMON E. REYES
Ramon E. Reyes, Jr.
United States Magistrate Judge

cc: All Defense Counsel