*Aboulafia Law Firm, LLC*

228 E. 45TH ST
SUITE 1700
NEW YORK, NY 10017
TELEPHONE (212) 684-1422
TELECOPIER (212) 684-1428
www.aboulaw.com

MATTHEW S. ABOULAFIA

JACK GLANZBERG
EDWARD D. BAKER*
*Admitted in NY & NJ

<u>Via ECF</u>

January 27, 2014

Hon. Cheryl L. Pollak
Hon. Gary R. Brown
Hon. Ramon E. Reyes, Jr.
United States Magistrate Judges
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *In re Hurricane Sandy Cases*
Index No.: 14-MC-41

Dear Judges Pollak, Brown and Reyes:

This letter is directed to the Court in response to the Court's Order dated January 14, 2014 (hereinafter "Order") with respect to the above referenced Miscellaneous Civil Case. The undersigned is counsel of record for plaintiffs in certain Hurricane Sandy cases which are currently pending before this Court. Specifically this letter will address the following issues:

1) <u>Disclosure of Documents and Information</u>: Three of Plaintiff's four active Hurricane Sandy cases have already held initial conferences at which time discovery schedules were entered into. We believe that a required disclosure of information and documents within the previously agreed upon time frames will best enable the parties to promptly and efficiently evaluate the merits of their cases. With respect to the matter for which an initial conference has not yet been held, Plaintiff and Defendant have already agreed upon a discovery schedule in anticipation of a recently adjourned initial conference.

2) <u>Mediation</u>: We suggest that the parties agree on a mediator and mediation date which would occur within 120 days of the date when the disclosure of documents would be due. Based on previous experiences, this process resolves many cases, especially after informal discovery has been exchanged between the parties.

3) <u>Grouping</u>: Based upon the factual and legal issues involved in our offices pending Hurricane Sandy cases, we do not believe that a consolidation or grouping of the pending

cases would be of benefit since there are many factual and legal distinctions among the cases. First, there are some cases against wind carriers and some against flood carriers. There are cases based on disagreement over the extent of damage and other cases involving coverage and liability issues. Some cases entail solely building damage while others include personal property and business interruption claims. Specifically our cases are as follows:

i. *Concentric Real Estate LLC v. Lancer Indemnity Company f/k/a North Sea Insurance Company* - 13-CV-5940 (WFK) (JO). Concentric is a flood claim where the only issue is with respect to the amount of damages and whether a portion of said damage was pre-existing.

ii. *Vadim and Solvita Klimenko v. Standard Fire Insurance Company* - 13-CV-04904 (RRM) (VVP). *Klimenko* is also a flood claim where there is an issue as to liability. Defendants contend that the damage to Plaintiff's residence was a result of long-term settling, whereas Plaintiff maintains it was a direct result of floodwaters.

iii. *Promenade Nursing Home, Inc. v. Greenwich Insurance Company* - 13-CV-05024(NG)(RLM). *Promenade* is a wind policy in which there is a question as to coverage as Defendant claims the damage was caused by flood and Plaintiff claims both wind damage and back-up through sewers and drains which would be covered under the policy. The parties have nearly completed paper discovery and have already began party depositions. Furthermore, Promenade is the only case which includes a business interruption claim.

iv. *Woodlawn Fulton Properties, LLC v. Great Lake Reinsurance (UK) PLC* - 13-CV-05324-(JG) (SMG). *Woodlawn* is a wind policy in which the sole issue remaining is with respect to the amount of damages.

Accordingly, while there may be some coverage questions that are similar, at this time we are not aware of any substantial similarities that would make grouping meaningful or efficient. Furthermore, as previously mentioned three of this firm's four cases have already proceeded with initial conferences. As such, we respectfully request that the aforementioned cases remain independent of one another and that the Court excuse this office from appearing at the status conference currently scheduled for February 5, 2014.

Thank you very much for the Court's consideration of this correspondence.

Very truly yours,

Matthew Aboulafia, Esq.