

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Aviva Stein, Esq.
Tel: 212-915-5759
Aviva.Stein@wilsonelser.com

April 23, 2014

**VIA ECF**
Hon. Cheryl K. Pollack (VIA ECF & FAX)
Fax: 718-613-2365
Hon. Gary R. Brown
Hon. Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *Certain Underwriters at Lloyds, London v. The Historical Thatched Cottage, L.P.*
> Case No. CV 13-CV-6237 (LDW) (WDW)
> In Re: Hurricane Sandy  14-MC-00041 (CLP)
> Our File No. 09825.00191

Dear Judges Pollak, Brown and Reyes:

Please allow this letter to follow our letter of February 26, 2014 to which we have not yet received a response.

As you may recall, we are counsel to Certain Underwriters at Lloyds, London ("Underwriters") in the above captioned matter, which concerns a insurance coverage dispute regarding an excess flood insurance policy issued to defendant The Historical Thatched Cottage, L.P. ("Defendant"), and write concerning the recently issued February 21, 2014 order regarding the universal case management of Superstorm Sandy related matters.   Specifically, we write to request that this matter be excepted from this order for two distinct reasons.

First, Defendant The Historical Thatched Cottage filed for bankruptcy and this matter therefore is presently subject to the automatic stay provisions of 11 U.S.C. § 362.  In this regard, by letter of January 27, 2014 addressed to Honorable Leonard D. Wexler, copy attached, Underwriters have requested that a conference be held regarding a withdrawal of the reference to the Bankruptcy Court given that this matter is not a true core proceeding.  To date there has been no response. However, the matter still remains stayed.

Second, and perhaps more importantly, this matter concerns a declaratory judgment action by which Underwriters seek a declaration that the subject policy is *void ab initio* by reason of misrepresentation in the inducement.  Accordingly, because the nature of the parties dispute rests upon facts and legal issues unique to this litigation and not with issues common to any of the other cases categorized "In Re Sandy Litigation" it does not share any common issues with other pending Sandy related matters.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

**wilsonelser.com**

6094104v.1

Underwriters v. Historical Thatched Cottage
April 23, 2014
Page 2

We also respectfully note that at the February 5, 2014 conference, the undersigned raised these issues and understood from the Court's response that the case management order to be issued order would provide a basis by which this case, and others like it, could opt out of the universal case management order or any proposed grouping given the absence of common issues with other Sandy related litigation or factors unique to a particular ligation. Our review of the February 21, 2014 order or any subsequent orders do not reveal any opt out or other procedural exception.

Lastly, we understand that this honorable court has already excepted at least one matter from the case management order where the case presented facts that were "peculiar" and unlike the other Sandy related cases before this court. We unfortunately do not have the name of said case but it was referenced during the March 27, 2014 meeting of liaison counsel with this Honorable Court, page 85 of the record.

Accordingly, for the reasons set forth above we respectfully request that the Court issue an order excepting the above captioned litigation from the February 21, 2014 case management order and direct that if and when the stay is lifted, it resume under the initially assigned justices.

We thank the Court for its attention to this matter, and, of course, should there be any questions or concerns please do not hesitate to call.

Respectfully,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Aviva Stein

cc:     Jonathan C. Lerner, Esq.
        Attorney for Defendant
        The Historical Thatched Cottage
        (via e-mail "jlerner@lawpartnersllp.com")



Aviva Stein, Esq.
Tel: 212-915-5759
Aviva.Stein@wilsonelser.com

February 26, 2014

**VIA ECF**
Hon. Cheryl K. Pollack (VIA ECF & FAX)
Fax: 718-613-2365
Hon. Gary R. Brown
Hon. Ramon E. Reyes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Certain Underwriters at Lloyds, London v. The Historical Thatched*
       *Cottage, L.P.*
       Case No. CV 13-CV-6237 (LDW) (WDW)
       Our File No. 09825.00191

Dear Judges Pollak, Brown and Reyes:

We are counsel to Certain Underwriters at Lloyds, London ("Underwriters") in the above captioned matter, which concerns a insurance coverage dispute regarding an excess flood insurance policy issued to defendant The Historical Thatched Cottage, L.P. ("Defendant"), and write concerning the recently issued February 21, 2014 order regarding the universal case management of Superstorm Sandy related matters.   Specifically, we write to request that this matter be excepted from this order for two distinct reasons.

First, recently Defendant The Historical Thatched Cottage filed for bankruptcy, and this matter therefore is presently subject to the automatic stay provisions of 11 U.S.C. § 362. In this regard, by letter of January 27, 2014 addressed to Honorable Leonard D. Wexler, copy attached, Underwriters have requested that a conference be held regarding a withdrawal of the reference to the Bankruptcy Court given that this matter is not a true core proceeding.

Second, and perhaps more importantly, this matter concerns a declaratory judgment action by which Underwriters seek a declaration that the subject policy is *void ab initio* by reason of misrepresentation in the inducement. Accordingly, because the nature of the parties dispute rests upon facts and legal issues unique to this litigation it does not share any common issues with other pending Sandy related matters.

We also respectfully note that at the February 5, 2014 conference, the undersigned raised these issues and understood from the Court's response that the case management order to be issued order would provide a basis by which this case, and others like it, could opt out of the universal case management order or any proposed grouping given the absence of common issues with other Sandy related litigation or factors unique to a particular ligation.  Our review of the February 21, 2014 order does not, however,

1133 Westchester Avenue  •  White Plains, NY 10604  •  p 914.323.7000  •  f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
**wilsonelser.com**

5996379v.1

Underwriters v. Historical Thatched Cottage
February 25, 2014
Page 2

reveal any opt out or other procedural exception. Accordingly, for the reasons set forth above we respectfully request that the Court issue an order excepting the captioned litigation from the February 21, 2014 case management order.

We thank the Court for its attention to this matter, and, of course, should there be any questions or concerns please do not hesitate to call.

Respectfully,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Aviva Stein

cc:   Jonathan C. Lerner, Esq.
      Attorney for Defendant
      The Historical Thatched Cottage
      (via e-mail "jlerner@lawpartnersllp.com")

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
5996379v.1



**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

Mark G. Ledwin, Esq.
Tel: 914-872-7148
mark.ledwin@wilsonelser.com

January 27, 2014

**VIA ECF & U.S. MAIL**

Hon. Leonard D. Wexler
United States District Judge
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, NY  11722

> Re:  *Certain Underwriters at Lloyds, London v. The Historical Thatched Cottage, L.P.*
> Case No. CV 13-CV-6237 (LDW) (WDW)
> Our File No. 09825.00191

Dear Judge Wexler:

This firm acts as counsel to plaintiff Certain Underwriters at Lloyds, London ("underwriters") in this action which seeks a declaratory judgment of no coverage under a property damage policy issued to defendant The Historical Thatched Cottage, L.P. ("Defendant") based upon certain alleged material misrepresentations in the policy application. Defendant has made a claim under the policy for alleged damages sustained to its business premises arising out of Superstore Sandy. As more fully detailed in Underwriters' complaint, Defendant failed to disclose in the policy application that this same property was previously damaged by Hurricane Irene.

This action was filed in the District Court for the Eastern District of New York on November 12, 2013. On January 2, 2014, Defendant filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court in the Eastern District of New York, Case No. 8-14-700002-REG.

This action concerns a potential property right of Defendant (*i.e.*, a claim under the subject insurance policy) and thus relates to Defendant's bankruptcy case. Accordingly, pursuant to the Standing Order of Reference entered on August 28, 1986, this action should have been automatically and immediately referred to the Bankruptcy Court since it relates to Defendant's bankruptcy case.

1133 Westchester Avenue • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Kentucky • Las Vegas • London • Los Angeles • Miami
Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Virginia • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
**wilsonelser.com**

4907867.1

Underwriters v. Historical Thatched Cottage
January 27, 2014
Page 2

However, upon the referral of this action to the Bankruptcy Court, Underwriters intends to file a motion to withdraw the reference pursuant to 28 U.S.C. § 157(d) and have the action sent back to this Court. Although this action may relate to Defendant's bankruptcy case, it concerns "non-core" state law causes of action for rescission and material misrepresentation under a contract issued pre-bankruptcy for an alleged insurance claim that also arose pre-bankruptcy. *See, e.g., Kirschenbaum v. Federal Ins. Co. (In re EMS Financial Svcs., LLC)*, 491 B.R. 196 (E.D.N.Y. 2013) (district court withdrew the reference of an adversary proceeding brought by a bankruptcy trustee seeking a declaratory judgment concerning non-core claims against the debtor's insurance policy).

Rather than immediately refer this action to Bankruptcy Court, it makes sense to keep it pending in District Court pending a decision on Underwriters' motion to withdraw reference. An alternative would be for Underwriters to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1)(A), refile it in the Bankruptcy Court as an Adversary Proceeding under Bankruptcy Rule 7001(2) and (9), and then file the motion to withdraw reference with this Court. But that seems like much procedural maneuvering to get to the filing of the motion to withdraw reference which we can do right now.

Accordingly, Underwriters respectfully requests that the Court set this matter for a pre-motion conference to discuss the filing of a motion to withdraw the reference.

Thank you for your consideration of the foregoing.

Respectfully,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Mark G. Ledwin

MGL/id

cc:     Jonathan C. Lerner
        Fred S. Kantrow
        David S. Sheiffer
        Aviva Stein

        (all via ECF and First Class U.S. Mail)

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
4907867.1